UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:14-CR-499 |
| | § | |
| MARIO DE PAZ-FUENTES | § | |

### ORDER

On December 17, 2014, the Court entered final judgment sentencing Defendant Mario De Paz-Fuentes to 42 months imprisonment after having pled guilty to Illegal Re-Entry under 8 U.S.C. §§ 1326(a) and 1326(b)(2). (Dkt. No. 24). Defendant filed a notice of appeal on January 20, 2015, twenty days after the deadline. (Dkt. No. 27); Fed. R. App. P. 4(b)(1)(A)(i). The Fifth Circuit treats the filing of an untimely notice of appeal within thirty days from judgment as a motion for a determination whether the defendant is entitled to an extension of time to appeal. *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984) (per curiam). Since defendant's notice of appeal was filed within the thirty-day period, the Fifth Circuit remanded the present case to this Court to determine whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. (Dkt. No. 32).

Defendant's filing and additional evidence requested are now before the Court. (Dkt. Nos. 48, 50, 51). Under Rule 4(b)(4), "good cause or excusable neglect" requires that a court be guided by equitable considerations in light of all the relevant circumstances. *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995)

(citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The Supreme Court identified five non-exclusive factors that courts should consider in making this equitable determination: "[1] the danger of prejudice to the [non-filing party], [2] the length of the delay and [3] its potential impact on judicial proceedings, [4] the reason for the delay, including whether it was within the reasonable control of the movant, and [5] whether the movant acted in good faith." *Id.; see also Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007). The Court addresses all five factors below and finds that three of the five factors weigh in Defendant's favor. As such, the Court finds that Defendant has demonstrated that his untimely filing was due to good cause or excusable neglect and further directs the Clerk of Court to return this case to the United States Court of Appeals for the Fifth Circuit

## II. ANALYSIS

### A. Danger of Prejudice and Potential Impact on Judicial Proceedings

The Defendant in this case entered a guilty plea pursuant to a plea agreement. (Dkt. No. 13 & 14). In the agreement, Defendant acknowledged that his sentence would be determined according to the United States Sentencing Commission's Guidelines Manual and that he "knowingly and voluntarily waive[d] the right to contest [his] conviction or sentence by means of any post-conviction proceeding." (Dkt. No. 14 at ¶7). Additionally, Defendant filed no objections to the Presentence Investigation Report, which stated that Defendant agreed to waive his right to appeal the sentence unless it exceeded the statutory maximum (Dkt. No. 18

at ¶2). The report also indicated Defendant's sentencing guideline range of 41 to 51 months in custody (Dkt. No. 18 at ¶46). Moreover, Defendant signed a Notice of Non-Appeal that was in both English and Spanish certifying that he discussed his case with his attorney and decided not to pursue an appeal. (Dkt. No. 26); *cf. Flores-Diaz v. United States*, 516 F. Supp. 2d 818, 830 (S.D. Tex. 2007) (finding that a defendant who signed an identical Notice of Non-Appeal could not maintain a cause of action against his attorney for not filing a notice of appeal because defendant had expressly conveyed that he was not pursuing an appeal).

Defendant argues that his appeal relates to the "excessive amount of time that [he] was sentenced to," however, he fails to state any legal grounds for this contention. (Dkt. No. 26). While it is true that pro se filings are held to a lower standard of scrutiny this does not allow a defendant to make claims without any support in law or fact. Nothing in the record suggests that Defendant's sentence was excessive. To the contrary, the record shows that defendant knowingly and voluntarily bargained with the Government to seek a guideline sentencing range of 41 to 51 months in custody. Since the sentence of 42 months in prison falls within that range there's no indication that granting Defendant's untimely appeal would have any significant impact on judicial proceedings. Given these facts the Court finds that the danger of prejudice and the potential impact on judicial proceedings weigh against the defendant.

### B. Length of the Delay

In a criminal case, a defendant's notice of appeal must be filed in the district

court within fourteen days after the entry of either the judgment or the order being appealed, or the filing of the government's notice of appeal. Fed. R. App. P. 4(b)(1)(A). Because final judgment was entered on December 17, 2014, the final day for filing a notice of appeal was December 31, 2014. Defendant, however, did not file his notice of appeal until January 20, 2015—20 days after the deadline. Given Defendant's explanation for the delay which has independently been confirmed by the Court (Dkt. No. 51) and acknowledging the fact that this occurred during the time for the holidays when it might be more difficult to reach individuals in general, the Court finds this factor favors the Defendant.

### C. Reasons for the Delay and Good Faith

Defendant's affidavit sets out the reasons and circumstances for the untimely filing. (Dkt. No. 48). In it, Defendant asserts that, "four days after being sentenced . . . [he] wrote a letter to the Court asking for an opportunity to appeal his sentence . . . [and] [h]e tried feverishly locating his counsel of record to submit appeal correctly, but his attorney was never found by him or his sister." (*Id.* at 1). Furthermore, Defendant explains that he was moved to various correctional institutions but that he believed the appeal was filed and awaiting judgment. (*Id.* at 1). Although the Court never received the aforementioned letter allegedly written four days after sentencing, Defendant asserts that he "submitted a letter and stamped envelope to the guard (C.O.) assigned to his holding tank . . . [but] believes the guard never drop[ped] off the letter to be sent." (*Id.* at 2).

To ascertain the validity of Defendant's explanation, the undersigned ordered

Defendant's attorney David Cano to file an affidavit responding to Defendant's assertions. (Dkt. No. 49). Because Mr. Cano's affidavit does not directly contradict Defendant's explanation, Defendant's affidavit remains uncontroverted. (Dkt. No. 50). In fact, after requesting and reviewing Defendant's recorded calls from the detention center, it's evident that Defendant indeed discussed sending a letter to the Court and made an honest attempt to communicate his intentions to appeal. (Dkt. No. 51). As a result, the Court finds that Defendant acted in good in faith and that the reasons for the delay weigh in his favor.

### III. CONCLUSION

Having considered the above factors, all relevant circumstances in light of Defendant's explanation, and the Court's review of additional evidence referenced above, this Court finds that Defendant demonstrated that his untimely filing was due to good cause or excusable neglect. The Clerk of Court is directed to return this case to the United States Court of Appeals for the Fifth Circuit.

It is so **ORDERED**.

**SIGNED** this 1st day of September, 2015.

_____
Marina Garcia Marmolejo
United States District Judge